**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

REBECCA GOOD,

*Movant*,

v.

U.S. DEPARTMENT OF JUSTICE *et al.*,

*Respondents.*

Case No. 0:26-mc-00025-ECT-DTS

**MOVANT REBECCA GOOD'S RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS AS MOOT**

This is Movant Rebecca Good's response to the Government's motion to dismiss her Rule 41(g) petition for return of her car. For the reasons set forth herein, the Government's motion should be denied, Plaintiff should be permitted to gather evidence about the disposition of the car and its contents, and the Court should hold an evidentiary hearing to resolve this matter.

* * *

Rebecca Good (Becca) brought this Rule 41(g) action for the return of her Honda Pilot. The Pilot was the car Becca's wife, Renee Good (Renee), was driving when ICE Agent Jonathan Ross shot and killed her. As Becca explained in her motion, the car and the evidence inside it will be important for any inquiry into the shooting. *See* ECF 1 at 10, 13. Becca set out that she stood to suffer irreparable harm if the car were not returned. *Id.* at 14.

The Government has filed a motion moving to dismiss Becca's action. ECF 16. now moves to dismiss Becca's Rule 41(g) action. It does not contest that the evidence that the car comprises would be important in any inquiry into Renee's death, nor does it contest Becca's showing (*see* ECF 2-1 (vehicle title)) that the car is hers. Instead the Government asserts, in a two-paragraph motion, that "[t]he Honda Pilot and all associated property has been released from federal FBI custody directly to the Minnesota Bureau of Criminal Apprehension . . . ." ECF 16 at 1. Based on this assertion alone, the Government asserts that Becca's Rule 41(g) motion is moot, and the case should be dismissed. *Id.*

That is not how Rule 41(g) works. It is well established, in the Eighth Circuit and in courts across the nation, that when the Government seeks to dismiss a Rule 41(g) motion on grounds that it no longer possesses property that is the subject of the motion, something more than a bare assertion is required: "affidavits or documentary evidence, such as chain of custody records, may be sufficient to support a fact finder's determination," but the determination must rest "on a firmer basis than the government's unsubstantiated assertions." *United States v. Albinson*, 356 F.3d 278, 281–82 (3d Cir. 2004). *Accord United States v. Bailey*, 407 F. App'x 74, 75–76 (8th Cir. 2011) (citing *Albinson* with approval); *United States v. Burton*, 167 F.3d 410, 410–11 (8th Cir.1999) (reversing and remanding where district court improperly denied Rule 41(e) (now 41(g)) motion without receiving evidence to determine who had custody of subject property).

This is the uniform rule for a simple reason: Rule 41(g) provides that "The court must receive evidence on any factual issue necessary to decide the [Rule 41(g)] motion [to return property]." Fed. R. Crim. P. 41(g). And "arguments in government brief, unsupported by documentary evidence, are not evidence." *Bailey*, 407 F. App'x at 75 (citing *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)).

The Government has provided nothing approaching evidence here. There is not much argument either—only the phrase "associated property," a term the Government never defines. The reader is left to guess whether the phrase includes personal property in the passenger compartment where Renee was shot, blood residue or other parts of Renee's body that the bullets damaged in the shooting, the car's Event Data Recorder and the electronic data it contained, and the like. The reader is left to guess what the Government might mean by its assertion—an assertion that is, once again, unsupported by any evidence whatsoever.

The Government's motion, in short, is badly deficient. But it is more than that. Renee Good's killing is one of the most high-profile shootings by a federal agent in decades, and as Movant set out in her motion, the Government's reaction to it was markedly irregular, including commentary by the White House and the leadership of the Department of Justice, *see* ECF 1 at 4-7, and direct intervention in what had begun as a conventional investigation by the Director of the FBI, *see id.* at 14.[1]

[1] Even the Government's apparent conduct while this motion during the pendency of this motion appears highly irregular: while the motion was pending and the Court had jurisdiction over the car and its contents, it appears that the Government, without notice to or permission from the Court, transferred the car to a third party. A transfer to the Minnesota BCA is not necessarily inappropriate, but the Government's method of doing so, but notifying the Court of its intent to

In this light, one would expect that the Government, which doubtless is aware of its obligation to support any Rule 41(g) dismissal petition with evidence, would be sedulous in putting before the Court—and the public—evidence establishing beyond dispute that indeed it had turned over the Pilot and all "associated property." Yet the opposite is true—the Government has signally failed to offer a shred of the evidence it is required to put forward in order to carry its burden under Rule 41(g). Given the reality of this killing, and what the Government has done it its aftermath, Plaintiff submits that the Court can fairly read ECF 16 as a flouting of the Government's obligations under the rule.

More is required—evidence in particular. Plaintiff respectfully submits that the Court should deny the Government's motion, and permit Plaintiff to gather evidence relating to what, exactly, the Government has turned over, what it has not, to whom, and when. Anything less would permit the Government to dismiss Plaintiff's effort to return her property without the proof that Rule 41(g) specifically obligates the Government to provide.

## CONCLUSION

For the foregoing reasons, Movant Rebecca Good respectfully requests that the Court deny Respondents' Motion to Dismiss. In the alternative, Becca requests that the Court set discovery and an evidentiary hearing pursuant to Fed. R. Crim. P. 41(g)

perform the transfer would have been a simple matter. The Government's apparent failure to do so, among other things, may avoided the obligation to provide an inventory or other evidence that could have been demanded had it notified the Court and sought permission first.

to resolve the parties' conflicting factual accounts of the vehicle's location and custody and obtain necessary information about the vehicle.

Dated: August 18, 2026

Respectfully Submitted,

*/s/Benjamin A. Berkman*

Antonio M. Romanucci *(pro hac vice forthcoming)*
Sarah Raisch *(pro hac vice forthcoming)*
Benjamin Berkman *(pro hac vice forthcoming)*
Daisy Ayllon *(pro hac vice forthcoming)*
Stephen Weil *(pro hac vice forthcoming)*
**ROMANUCCI & BLANDIN, LLC**
321 N Clark St., Suite 900
Chicago, IL 60654
P: (312) 458-1000
F: (312 458-1004
aromanucci@rblaw.net
sraisch@rblaw.net
dayllon@rblaw.net
bberkman@rblaw.net
sweil@rblaw.net

Kevin Riach
**THE LAW OFFICE OF KEVIN C. RIACH, PLLC**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

*Attorneys for Plaintiff*