**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No. 26-mc-25 (ECT/DTS)**

Rebecca Good,

Movant,

v.

U.S. Department of Justice, et al.,

Respondents.

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The United States, without waiving its other substantive and procedural defenses, focused its motion to dismiss solely on mootness because that is the simplest path to a prompt resolution of this matter. Because the vehicle and its contents are no longer in Federal custody, dismissal remains appropriate. The United States remains, however, committed to seeking a prompt resolution without Court involvement.

Since Petitioner initiated this case in April 2026, the facts have fundamentally changed. Most significantly, the Honda Pilot at issue, along with all of its contents, were released from FBI custody to the state Bureau of Criminal Apprehension (BCA) on June 29, 2026. *See* declaration of FBI agent and contemporaneous property receipt (filed under seal).

Throughout this case it has been public knowledge that the State of Minnesota has been investigating the shooting of Renee Good. *See* ECF 1 at 6 (citing declaration filed in *State of Minnesota et al. v. U.S. Dep't of Justice et al.*, Case No. 1:26-cv-01007 (D.D.C.)) ("Minnesota officials continued their own investigation, led by the BCA

and the Hennepin County Attorney's Office.").[1] Petitioner's motion for return of property emphasized she would "cooperate with the search warrant the State of Minnesota obtained for the vehicle in its investigation." *Id.* at 11; *see id.* at 12 ("Becca would provide the State with access to the vehicle"); 18 ("the equities require that the vehicle be returned to Becca so that . . . the State of Minnesota can conduct meaningful and searching inquiries"). That result sought in the return-of-property motion in this case has now occurred.

Petitioner's response to the motion to dismiss argues "Plaintiff should be permitted to gather evidence about the disposition of the car and its contents." ECF 17 at 1. The United States has now provided such evidence, making this case unlike any of those Petitioner cites. *See, e.g.*, *United States v. Bailey*, 206 F. Appx. 650, 653-54 (8th Cir. 2006) (finding it would be "premature" to order return of property even four years after it was seized, and noting Rule 41(g) "does not require a hearing on every motion"); *United States v. Albinson*, 356 F.3d 278, 281 (8th Cir. 2004) (government "merely" stated it no longer had property, "must do more," and needed "documentary support that it no longer possesses the property at issue") (cleaned up); *United States v. Burton*, 167 F.3d 410, 410-11 (8th Cir. 1999) (improper to deny return-of-property motion "without receiving evidence to determine who had custody or possession of

[1] With respect to any Federal investigation, under longstanding policy, the U.S. Department of Justice "ordinarily does not confirm or deny the existence of an investigation." *See, e.g.*, Justice Manual 1-7.410, justice.gov/jm/jm-1-7000-media-relations#1-7.400 (visited July 13, 2026).

the subject property"). Because those cases are now fully distinguishable, this matter should be dismissed as moot.[2]

Dated: 9/14/2026

DANIEL N. ROSEN
United States Attorney

*s/ David W. Fuller*
By: DAVID W. FULLER
Chief, Civil Division
Attorney ID No. 0390922
LEEANN K. BELL
Chief, Criminal Division
Attorney ID No. 0318334
leeann.k.bell@usdoj.gov
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
david.fuller@usdoj.gov
(612) 664-5600

---

[2] Because this case presents the sort of unusual situation where a Rule 41(g) motion "is filed *before* the filing of any criminal charges," it triggers the Court's equitable jurisdiction, which "should be exercised cautiously" because "[t]hese remedies are extraordinary, and they must be used with restraint." *Wilansky v. United States*, No. 18-cv-316 (WMW/TNL), 326 F. Supp. 3d 784, 790 (D. Minn. 2018) (emphasis in original; cleaned up); *see also Lindell v. United States,* No. 22-cv-2290 (ECT/ECW), 639 F. Supp. 3d 853, 870 (D. Minn. 2022), *rev'd in part on other grounds*, 82 F.4th 614 (8th Cir. 2023) (exercise of "anomalous jurisdiction" is called for whenever court grants relief in pre-charge return-of-property case). These general principles make dismissal all the more appropriate here.