UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Rebecca Good,<br><br>Petitioner,<br><br>v.<br><br>Department of Justice,<br><br>Respondent. | File No. 26-mc-25 (ECT/DTS)<br><br><br><br>**ORDER** |

---

Movant Rebecca Good filed this return-of-property action pursuant to Federal Rule of Criminal Procedure 41(g) and equitable principles. *See Lindell v. United States*, 639 F. Supp. 3d 853, 869–70 (D. Minn. 2022) (describing equitable principles), *rev'd in part on other grounds*, 82 F.4th 614 (8th Cir. 2023). Ms. Good seeks an order requiring Respondents to return to her a Honda Pilot vehicle in which she possesses an ownership interest. Respondents filed a motion to dismiss the action on mootness grounds. ECF No. 16. According to Respondents' motion and other papers Respondents subsequently filed to support their mootness argument, Respondents released the vehicle from their custody to the Minnesota Bureau of Criminal Apprehension (or "BCA"). *See id.*; *see also* ECF Nos. 24–25.

Respondents' motion will be denied. (1) At the hearing on the motion, Ms. Good's counsel indicated that they intended to file an amended motion making clear that Ms. Good seeks not merely the vehicle's return, but also any property belonging to Ms. Good that might be inside the vehicle. Respondents' motion did not anticipate this amendment, and

it seems wiser to resolve any mootness question based on the forthcoming amended motion's additional allegations. (2) Voluntary cessation of a challenged practice—here, Respondents' continued possession of the vehicle—moots a case only if subsequent events make it absolutely clear that the challenged conduct cannot reasonably be expected to recur. *Prowse v. Payne*, 984 F.3d 700, 702–03 (8th Cir. 2021) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). This burden is "heavy," *id.* at 703, and "rests on the party asserting mootness." *Strutton v. Meade*, 668 F.3d 549, 556 (8th Cir. 2012). Here, as Ms. Good's counsel pointed out at the hearing, Respondents have not disclaimed the ability to repossess or examine the vehicle in the future. In other words, just because the BCA possesses the vehicle today does not mean Respondents lack the right to possess the vehicle in the future or that they will not exercise that right.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Respondents' Motion to Dismiss for Mootness [ECF No. 16] is **DENIED**. This denial is without prejudice to Respondents bringing a successive motion to dismiss after Ms. Good files her amended motion.

Dated: October 1, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court