**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No. 26-mc-25 (ECT/DTS)**

Rebecca Good,

Movant,

v.

U.S. Department of Justice, et al.,

Respondents.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED MOTION FOR RETURN OF PROPERTY**

## INTRODUCTION

The United States's previous motion to dismiss focused solely on mootness, given that the property at issue is no longer in federal custody, because that seemed to be the simplest way for the Court to resolve this matter. In denying that motion without prejudice, the Court observed that (1) awaiting Petitioner's amended motion before resolving any mootness question seemed wise; and (2) because Respondents had "not disclaimed the ability to repossess or examine the vehicle in the future," the case may not be moot in terms of the "voluntary cessation" doctrine. ECF 28. Respondents address each of these points below, and provide additional information pertinent to resolution of this matter. The Court should dismiss the matter as moot, or alternatively, decline to exercise extraordinary equitable jurisdiction and dismiss Petitioners' amended Rule 41(g) motion in its entirety.

## BACKGROUND

As the Court is aware, the Honda Pilot at issue (the vehicle), along with all of its contents, were released from FBI custody to the state Bureau of Criminal Apprehension (BCA) on June 29, 2026. *See* ECF 25 (FBI declaration[1]). Respondents now clarify, through further sworn testimony—as requested in the Amended Petition—that this release included all personal property contained in the vehicle at the time of its seizure on January 7, 2026. *See* supplemental FBI declaration. That clarification answers the central factual question posed by both Petitioner and the Court concerning the release of the vehicle.

The Amended Petition, like the original Petition, emphasizes public statements construed to suggest no federal investigation into officer conduct in connection with the January 7, 2026 shooting existed or would take place. However, the undersigned is now authorized to disclose that the United States is currently conducting such an investigation.[2] In keeping with statements in the Amended Petition itself, this fact

[1] Although initially filed under temporary seal, Respondents agree this declaration may be unsealed so long as the declarant's identity remains undisclosed.

[2] Federal officials have previously referenced this investigatory activity in public statements. *See, e.g.,* https://www.kare11.com/video/news/full-press-conference-feds-charge-15-for-alleged-interference-with-immigration-officers/89-f0c70974-87a4-4373-a1ee-ee9df2c9022b at 16:20 (visited Oct. 26, 2026) (U.S. Attorney stating on June 16, 2026 that federal government is investigating the shooting of Renee Good); https://www.rev.com/transcripts/blanche-confirmation-day-one at 1:20:51 (visited Oct. 22, 2026) (Attorney General July 20, 2026 confirmation hearing; responding, when asked about cooperation with state law enforcement on the Good and Pretti cases, "I think that the definition of full cooperation can be disputed, but I very much expect that whether it's the Inspector General or the US Attorney's Office or the FBI

would authorize the federal government to retain custody of the vehicle and its contents. *See, e.g.*, Doc. 29 at 11 ("the vehicle represents core evidence in any inquiry into the shooting"). Nonetheless, given the State's concurrent investigation, the BCA—not the United States—has been in possession of the vehicle and its contents for months.

**ARGUMENT**

Although this matter remains moot for the reasons addressed previously, this motion focuses on a different jurisdictional flaw: the factors that would support the exercise of "anomalous" jurisdiction in a pre-indictment situation like this all point toward declining to do so here. *Wilansky v. United States*, 326 F.Supp. 3d 784, 790 (D. Minn. 2018) (court's equitable jurisdiction "should be exercised cautiously" because "[t]hese remedies are extraordinary, and they must be used with restraint").

When a motion for return of property is filed prior to any suggestion of criminal proceedings, it is "more properly considered a suit in equity rather than one under the Rules of Criminal Procedure." *Matter of Search of 4801 Fyler Ave.,* 879 F.2d 385, 387 (8th Cir. 1989). Rule 41(g) is "a crystallization of a principle of equity jurisdiction." *In re Search and Seizure, Al James Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988), *abrogated on other grounds by United States v. Woodall,* 12 F.3d 197 (8th Cir. 1993); *United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir. 1976). In the pre-indictment context, "[t]he district court's authority to order the return of unlawfully

or who's ever on the federal side of the investigation where appropriate to work with state and locals.").

seized property is 'extraordinary . . . [and] is to be exercised with caution and restraint. . . . and in accordance with the familiar limitations on the granting of equitable relief.'" *In re Search and Seizure, Al James Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988), *abrogated on other grounds by United States v. Woodall,* 12 F.3d 197 (8th Cir. 1993) (emphasis added) (citing *Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir. 1979), and *Meier v. Keller*, 521 F.2d 548, 554 (9th Cir. 1975)).

Such equitable, or "anomalous," jurisdiction should only be exercised "upon [1] a showing of callous disregard of the fourth amendment, [2] irreparable injury if relief is not granted, and [3] lack of an adequate remedy at law." *4801 Fyler,* 879 F.2d at 387 (brackets and numbering added). A fourth consideration is "whether the party seeking return has an individual interest in and need for the property." *Black Hills Inst. of Geological Res. v. U.S. Dep't of Justice*, 967 F.2d 1237, 1240 (8th Cir. 1992); *Pieper*, 604 F.2d at 1133 n.3.

These factors all weigh strongly against exercising extraordinary jurisdiction here. First, Petitioner does not allege that the seizure of the vehicle was a callous disregard of the Fourth Amendment, instead simply asserting "the federal government's continued possession of the vehicle is unreasonable" based on prior assertions supposedly showing that no investigation was underway. Doc. No. 29 at 10-11. The United States, however, has now disclosed the existence of an ongoing investigation, and has not possessed the vehicle or its contents for several months.

Accordingly, Petitioner's argument on this score based on *Lindell v. United States*, 82 F.4th 614, 621 (8th Cir. 2023), is misplaced.

Second, Petitioner cannot establish an ongoing irreparable harm stemming from the federal government's continuing possession of the vehicle because it has been in state custody since early Summer. Petitioner's asserted harm here has everything to do with facilitating an investigation, not actually making use of the vehicle or its contents at this time. But the Amended Petition—while noting Petitioner is "heartened" that the vehicle has been given over to the BCA—fails to acknowledge that this changed circumstance essentially gives her the full relief sought. Tellingly, "Petitioner does not seek an order requiring the BCA to relinquish any property to petitioner." Doc. No. 29 at 20 n.12. Because the State has had custody of the vehicle and personal property for use in its investigation for months, Petitioner cannot show irreparable harm.

Petitioner does not want the vehicle back and is not being harmed by the State's possession of it. To the extent Petitioner merely seeks to prevent the federal government from *potentially regaining* possession of the vehicle or its contents in the future, no authority supports such remote and speculative relief and it scarcely justifies the exercise of "anomalous jurisdiction." In any event, it is well-settled that a Rule 41(g) motion is "properly denied" where "the government's need for the property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002); *accord Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008) (quoting *Vanhorn*). Any harm caused specifically by the *federal* government's continued possession of the vehicle and

its contents, as alleged in the Amended Petition, was mitigated months ago by releasing them to the BCA.

Third, Petitioner is not without adequate remedies at law. Her argument here is principally based on "serious concerns that permitting the government to retain possession of the Honda Pilot will allow key evidence to degrade." Doc. No. 29 at 13. But whatever concerns may have once existed over this (which Respondents do not admit) should now be wholly obviated by the return to BCA. Moreover, to the extent returning the property was arguably necessary to filing a civil suit, that has now occurred, *id.* at 12 (citing two recently-filed civil cases), and Petitioner has available there all the usual tools of discovery to pursue any evidence to which she is entitled, including by subpoenaing the BCA.

The fourth factor is mitigated by the second in a case like this one. While Petitioner has an ownership interest in the vehicle, it is evidence in a State investigation that is parallel to the federal one and she does not seek its return from the State. To the extent Petitioner is allegedly harmed by the amount of time she has been deprived of the vehicle, in fact the property has not been in government custody (whether state or federal) for an inordinate length of time. While understandably frustrating for anyone affected by a government investigation, courts have recognized that the government often has an ongoing interest in retaining property as evidence for many years. *See, e.g.*, *United States v. Bailey*, 206 Fed.Appx. 650, 654 (8th Cir. 2006) (affirming denial of Rule 41(g) motion as "premature" four years after property was seized); *United States v. Albinson*, 356 F.3d 278, 279-80 (3d Cir. 2004) (motion filed post-conviction and

sentencing, property at issue seized years prior); *Lathon v. City of St. Louis*, 242 F.3d 841, 843-44 (8th Cir. 2001) (overturning summary judgment to defendants on due process claim for return of property after it had been retained for seven years with no criminal charges filed).

Finally, as a practical matter it is difficult to understand what Petitioner is asking the Court to do. The United States no longer possesses any of the property at issue and cannot therefore be ordered to return it, and she seeks no order against the State, which is not a party to this case.

**CONCLUSION**

For these reasons, the United States respectfully requests that the Court decline to exercise extraordinary jurisdiction and dismiss the motion for return of property.

Dated: 10/26/2026

DANIEL N. ROSEN
United States Attorney

*s/ David W. Fuller*
By: DAVID W. FULLER
Chief, Civil Division
Attorney ID No. 0390922
david.fuller@usdoj.gov
LEEANN K. BELL
Chief, Criminal Division
Attorney ID No. 0318334
leeann.bell@usdoj.gov
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-56200